```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**JOSHUA RAY CASTANEDA,**

                                **Plaintiff,**

          v.                                       CASE NO. 22-3139-SAC

**GREAT BEND POLICE DEPARTMENT, ET AL.,**

                                **Defendants.**

<u>MEMORANDUM AND ORDER</u>

This matter is a pro se civil rights action pursuant to 42 U.S.C. § 1983 filed by Plaintiff Joshua Ray Castaneda. On July 19, 2022, the Court issued a memorandum and order (the M&O) identifying deficiencies in the complaint and directing Plaintiff to file on or before August 19, 2022, a complete and proper amended complaint. (Doc. 5.) The matter comes now before the Court on Plaintiff's motion to stay (Doc. 6.) and his amended complaint (Doc. 7).

In the motion to stay (Doc. 6), Plaintiff asks the Court to stay "all dates and deadlines in this case" for 90 days to allow him more time to complete his amended complaint. Since Plaintiff has now filed an amended complaint, the Court will deny the motion to stay (Doc. 6) as moot. The Court has screened the amended complaint and finds that Plaintiff has failed to cure the deficiencies set forth in the M&O and is therefore subject to dismissal. The Court will allow Plaintiff a final opportunity to

file a complete and proper second amended complaint that cures the deficiencies. If he fails to do so in the allotted time, this matter may be dismissed without further prior notice to Plaintiff.

## I.   Nature of the Matter before the Court

Plaintiff is currently detained at Larned State Hospital (LSH) in Larned, Kansas. Plaintiff's earlier filings reflect that Plaintiff was initially detained on state criminal charges and held as a pretrial detainee at the Barton County Detention Facility (BCDF) in Great Bend, Kansas, but then was transferred to LSH for a competency evaluation. It appears that Plaintiff was found not competent to stand trial and there was no substantial probability that he would attain competency in the foreseeable future. As a result, in compliance with state statutes, the Barton County District Court ordered the commencement of involuntary commitment proceedings concerning Plaintiff. *See* K.S.A. 22-3303. Those proceedings are underway in Pawnee County, where LSH is located. This matter, however, concerns events that occurred at both LSH and the BCDF.

In the amended complaint, Plaintiff names as Defendants Barton County; Dr. Roy Daum, psychologist Travis Hamerik, and program director Cheyenne Babcock, all at LSH; Sheriff Brian Bellender, Brad Patzner, and Karen Smith of the Barton County Sheriff's Office (BCSO); Jennifer Johnson, LCPC at the Center for Counseling and Consultation; Kansas District Judge Carey Hipp; and Barton County

Assistant District Attorney John Collin Reynolds.

As the factual background for the amended complaint, Plaintiff asserts that in approximately June or July of 2020, he learned that at some point he had involuntarily and unknowingly received implants from a dentist. (Doc. 7, p. 6.) While Plaintiff was detained at BCDF, BCSO staff inflicted "mental torture" upon him and refused his requests--at the urging of counsel--that he be evaluated by a physician and have the implants removed. *Id.* at 2, 6. Plaintiff filed a grievance on the matter but "got limited responses." *Id.* at 6. After his transfer to LSH, Plaintiff again sought medical help but was diagnosed as delusional and is "still experiencing torture." *Id.*

In Count I of the amended complaint, Plaintiff asserts that his Eighth Amendment right to be free from cruel and unusual punishment was violated by Defendants Bellender and Patzner, along with a nurse who is not named as a defendant in this matter, who were "willfully negligent" by not allowing Plaintiff to see a doctor for evaluation and implant removal. *Id.* at 5-6. Count I also alleges that Defendant Johnson was willfully negligent and engaged in a conspiracy with the BCSO "to cover up this torture" when she performed a mental assessment of Plaintiff and labeled him delusional. *Id.* at 6.

In Count II, Plaintiff alleges cruel and unusual punishment and willful negligence by Defendants Daum and Hamerik when they too

3

called Plaintiff delusional and allowed a falsified evaluation to be considered as part of the analysis of whether to involuntary commit Plaintiff. *Id.* at 5-7. Plaintiff states that LSH staff were "advised of [his] 'beliefs' of implants" before he arrived at LSH, but they have allowed him to continue "experiencing excruciating mental torture, torment, manipulation, deceit, Chaos, Trauma and all[-]around mental anguish." *Id.* at 6.

In Count III, Plaintiff alleges cruel and unusual punishment by Defendant Reynolds, Defendant Hipp, and Bradley Steen[1] when they allowed a falsified forensic report to be admitted as evidence in Barton County District Court proceedings so that Plaintiff would continue to be held at LSH. *Id.* at 7, 10. Plaintiff asserts that Defendants Reynolds and Hipp knew that Plaintiff was being labeled delusional and conspired with the BCSO and LSH to cover up the ongoing torture of Plaintiff. *Id.* at 7.

In Count IV, Plaintiff alleges that his Eighth Amendment rights were violated when in November 2020, Defendant Smith denied Plaintiff medical attention after he was assaulted by another inmate at the BCDF. *Id.* Plaintiff asserts that instead of receiving medical care for the knot on his head, he was locked in a cell for four days and mentally tortured. *Id.* In Count V, Plaintiff alleges that his Fourteenth Amendment right to due process have been violated by

---

[1] Mr. Steen was named as a defendant in the initial complaint but is not so named in the amended complaint.

4

an ongoing conspiracy between the BCSO, Defendant Bellender, and attorneys to prosecute Plaintiff and suppress evidence that would exonerate him or be favorable to him. *Id.* at 8. Plaintiff also alleges that he has been informed that the affidavit supporting the initial charges against him "was false." *Id.*

In Count VI, Plaintiff alleges that his Eighth Amendment right to appropriate medical care has been violated by LSH staff, including Defendants Daum and Hamerik, refusing Plaintiff's requests to see a doctor, ignoring his complaints of mental torture, and not responding to his grievances. *Id.* at 9. Based on these failures, in June 2022, Plaintiff began requesting to meet with Defendant Babcock, but his requests have not been granted. *Id.* Thus, Plaintiff asserts that Defendant Babcock is participating in the conspiracy to label him delusional and is willfully negligent in failing to alleviate his torture. *Id.*

As relief, Plaintiff asks that the involved parties be held accountable and financially liable for their actions and inaction and that the Court: (1) enter injunctive relief to prevent future reprisals or retaliation; (2) order that Plaintiff be properly examined by an independent physician with no relationship to Defendants and that the physician remove all devices implanted in Plaintiff; (3) order that Plaintiff be provided with mental health services at a similarly independent facility; (4) prohibit all members of the Barton County District Court from making further

5

rulings related to Plaintiff; (5) provide Plaintiff with relocation to a safe place after his criminal case is final; and (6) award compensatory, nominal, and punitive damages. *Id.* at 11-12.

## II. Screening Standards

Because Plaintiff is a prisoner, the Court is required by statute to screen his amended complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). During this screening, the Court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).

## III. Discussion

### A. Joinder of Claims and Parties

As explained in the Court's previous order, Federal Rule of Civil Procedure[2] 20(a)(2) governs permissive joinder of defendants and pertinently provides:

> (2) Defendants. Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the

---

[2] The Federal Rules of Civil Procedure apply to suits brought by prisoners. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Pro se litigants must "follow the same rules of procedure that govern other litigants." See *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007).

alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Rule 18(a) governs joinder of claims and pertinently provides: "A party asserting a claim . . . may join . . . as many claims as it has against an opposing party." The M&O explained that under Rule 18(a), Plaintiff may bring multiple claims against a single defendant and under Rule 20(a)(2), he may join in one action any other defendants who were involved in the same transaction or occurrence and as to whom there is a common issue of law or fact. Plaintiff may not bring multiple claims against multiple defendants unless the prescribed nexus in Rule 20(a)(2) is demonstrated with respect to all defendants named in the action.

Despite this, the amended complaint "names multiple defendants not shown to be connected to all claims raised in the complaint by a common occurrence or question of fact or law and it contains claims not related to other claims against different defendants." (See Doc. 5, p. 8.) As an example, Count II alleges that Defendants Daum and Hamerik violated Plaintiff's constitutional rights at LSH between March and August 2022, while Count IV alleges that Defendant Smith violated Plaintiff's constitutional rights at BCDF in November 2020. These distinct claims against different defendants may not be joined in the same civil action.

### B. Defendants

The amended complaint, like the initial complaint, names

improper defendants. As explained in the prior order, to impose § 1983 liability on a county and its officials for acts taken by its employee, Plaintiff must show that the employee committed a constitutional violation and that a county policy or custom was "the moving force" behind the constitutional violation. *See Myers v. Oklahoma County Bd. of County Comm'rs*, 151 F.3d 1313, 1318 (10th Cir. 1998)(citing *Monell v. Department of Social Services*, 436 U.S. 658, 695 (1978)). (Doc. 5, p. 8.) Plaintiff names Barton County as a defendant in the amended complaint but points to no Barton County policy or custom as the moving force behind the constitutional violations alleged in this matter. Thus, he has failed to allege a § 1983 claim against Defendant Barton County.

The M&O also explained that Defendant Reynolds was not a proper defendant in this action because "[p]rosecutors are absolutely immune from civil liability for damages for 'acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his [or her] role as an advocate for the State.'" *Stein v. Disciplinary Bd. of Supreme Court of N.M.*, 520 F.3d 1183, 1193 (10th Cir. 2008). (See Doc. 5, p. 10-11.) Nevertheless, the amended complaint, like the initial complaint, asserts a claim against Defendant Reynolds for acts undertaken by him in his role as a state prosecutor. (*See* Doc. 5, p. 10; Doc. 7, p. 7.) For similar reasons, "[t]he Supreme Court of the United States has long held that judges are generally immune

8

from suits for money damages." *Stein v. Disc. Bd. of Sup. Ct. of New Mexico*, 520 F.3d 1183, 1195 (10th Cir. 2008). Thus, any claim for money damages against Defendant Hipp is subject to dismissal, as is the claim against Defendant Reynolds.

Finally, the M&O informed Plaintiff that "[h]e must name every defendant in the caption of the amended complaint" and "[h]e should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant, including dates, locations, and circumstances." (Doc. 5, p. 18-19.) Plaintiff has not complied with this directive.[3]

### C. Claims that Involve Plaintiff's State Criminal Case

In the M&O, the Court also explained that it is prohibited from awarding monetary damages based on claims related to the state criminal proceedings against him. The M&O explained the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 46 (1971), and the requirements for federal court intervention in ongoing state criminal proceedings. (Doc. 5, p. 12-14.) The amended complaint, like the initial complaint, nevertheless alleges claims based on the state criminal investigation and proceedings without establishing that the *Younger* requirements are met.

---

[3] The only defendant named in the caption is "County of Barton, Kansas." (Doc. 7, p. 1.) Although Plaintiff uses "et al." to indicate additional defendants, he must comply with the Court's directive and name every defendant in the caption *and* the body of a second amended complaint if he chooses to submit one.

**D. Failure to State a Claim**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). As the M&O explained, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed (the plaintiff); and, what

10

specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007). The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

The Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and citations omitted). Under this new standard, "a plaintiff must nudge his claims across the line from conceivable to plausible." *Smith*, 561 F.3d at 1098 (quotation marks and citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged (his) claims across the line from conceivable to plausible." *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008)(citing *Twombly*, at 1974).

The amended complaint fails to allege sufficient facts to

support plausible claims against the named defendants. Although it does contain some dates and specific allegations, it also contains many general and conclusory statements that are not specific enough to support a claim. For example, in Count I, Plaintiff alleges that "Sheriff Brian Bellender, S.S.L.T. Brad Patzner and BCD[F] Nurse Web was wil[l]fully negligent and would not allow Plaintiff to be properly examined to get implants removed." (Doc. 7, p. 6.) In order to state a claim on which relief can be granted, Plaintiff must explain more specifically the actions or inactions by each named defendant by which they "would not allow" the examination, including dates, whether Plaintiff made a written or verbal request to be seen, etc.

Similarly, Plaintiff's conclusory allegations of conspiracy throughout the amended complaint are insufficient to state a claim on which relief can be granted. An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006). Conclusory allegations of involvement are not sufficient. *See Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

12

Finally, an allegation that an official denied a grievance or failed to respond to a grievance is not sufficient to show personal participation. *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009)(A "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."); *see also Stewart v. Beach*, 701 F.3d 1322, 1328 (10th Cir. 2012). Thus, for example, Count VI fails to state a claim against Defendant Babcock because Plaintiff alleges only that she has failed to respond to grievances and related requests that she meet with Plaintiff. (Doc. 7, p. 9.)

**IV. Second Amended Complaint Required**

For the reasons stated above, it appears that the amended complaint is subject to dismissal. Plaintiff is therefore given a final opportunity to file a complete and proper complaint upon court-approved forms in which he (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim of federal constitutional violation and show a cause of action in federal court; (3) alleges sufficient facts to show personal participation by each named defendant; (4) cures the other deficiencies discussed herein. The Court will direct the clerk to send Plaintiff the appropriate form.

Plaintiff must write the number of this case (22-3139) on the first page of the second amended complaint. He must name every

13

defendant in the caption of the second amended complaint. He should also refer to each defendant again in the body of the second amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant, including dates, locations, and circumstances. Although Plaintiff may attach additional pages to the second amended complaint as needed, he should not utilize the form merely to refer the Court to an attached memorandum.

The second amended complaint is not simply an addendum to the initial or amended complaint; it completely replaces them. The Court emphasizes that any claims or allegations not included in the second amended complaint are no longer before the Court and will not be considered when screening the second amended complaint. Plaintiff may not simply refer to an earlier pleading. The second amended complaint must contain all allegations and claims that Plaintiff intends to pursue in this action, including those to be retained from the initial or amended complaint.

If Plaintiff does not file a second amended complaint within the prescribed time, this matter will be decided based upon the deficient amended complaint. If Plaintiff does file a second amended complaint within the prescribed time, the Court will screen the second amended complaint and issue further orders.

**IT IS, THEREFORE, BY THE COURT ORDERED** that Plaintiff's motion

for stay (Doc. 6) is **denied as moot.**

**IT IS FURTHER ORDERED** that Plaintiff is granted to and including **September 26, 2022,** to submit a complete and proper second amended complaint as directed. The clerk is directed to send 1983 forms and instructions to Plaintiff. The failure to timely file a second amended complaint will result in this matter proceeding on the current, deficient, amended complaint.

**IT IS SO ORDERED.**

DATED:  This 22nd day of August, 2022, at Topeka, Kansas.

                                  S/ Sam A. Crow

                                  SAM A. CROW
                                  U.S. Senior District Judge